BILLY GUY ELLIOTT V. STATE.

No. 30,072. November 5, 1958.

*Mark Callaway,* Brownwood, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony theft; the punishment, two years.

Appellant's confession which was introduced in evidence without objection recited that he bought a 1956 Ford at Odessa and gave in part payment therefor a check in the sum of $200.00 which he knew to be worthless, that he then drove the 1956 Ford to De Leon, where he traded it on a 1958 Ford and told Mr. Hammit with whom he traded that the 1956 Ford was paid for and that he would secure the title thereto in a few days and would send or bring it to him. It further recites that he traded the spare tire and wheel off the 1958 Ford for cash and gasoline at a filling station near El Paso.

Oscar Hammit, Ford dealer at De Leon, testified that the appellant traded a 1956 Ford to him and represented at the time that the automobile was paid for and that the certificate of title would be delivered to him shortly, but it never arrived, and shortly thereafter he surrendered the 1956 Ford to a representative from the Odessa bank, and the 1958 Ford was returned to him later by a Mr. Elliott with a spare tire and wheel missing therefrom.

Appellant did not testify or offer any evidence in his own behalf. He was not represented at the time of his trial, but is represented on appeal.

We overrule his contentions that the evidence is not sufficient to support the conviction and that the court committed fundamental error in not charging the jury on the law of voluntary return of stolen property in accordance with the terms of Article 1424, V.A.P.C. The record is silent as to when "prosecution was commenced" or when the property was returned, and, in fact, it is not shown that the appellant was the person who returned the same.

Finding the evidence sufficient and no reversible error appearing, the judgment of the trial court is affirmed.